

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No. O-4869

Re: The proper method to be used
by Amarillo Independent School
District to assess the Common
Stock of the Amarillo National
Bank.

We have received and considered your request for
an opinion from this department. We quote from your request:

". . . .

"SUBJECT:  Procedure for assessment of bank assets

"We are attaching a published statement of
the Amarillo National Bank as of December 31, 1941
showing assets and liabilities.

"In arriving at an assessment against this
bank, we have followed instructions as outlined
in Article 7166 of the Revised Civil Statutes ac-
cording to our understanding. We arrived at the
following figures:

| | |
|---|---|
| Capital Stock | $265,000 |
| Surplus | 50,000 |
| Undivided Profits | 149,340 |
| Reserves | 110,000 |

| | |
|---|---|
| Total Capital Accounts | 574,340 |

| Less real estate | |
|---|---|
| Banking House | 160,000 |
| Other Real Estate | 23,730 |

| | |
|---|---|
| Total | 183,730 |

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable T. M. Trimble, Page 2

| | |
|---|---|
| Assessed to Share Holders | 390,610 |
| 80% | 312,490 |
| Assessed Value Per Share | $117.92 |

"On information furnished by Mr. Aldro Jenks, Director of Research for the University of Texas and a specialist in tax matters, the Amarillo National Bank claims that the assessment should be made up according to the following statement:

| | |
|---|---|
| Capital Stock | |
|   Class A Preferred | $235,000 |
|   Common | 265,000 |
| Surplus | 50,000 |
| Undivided Profits | 149,335 |
| Reserves & Retirement Account preferred stock | 110,000 |
| Total Capital Accounts | 809,340 |
| Less Capital Stock, Class A Preferred | 470,000 |
| Actual Value of Stock (100%) | 339,340 |
| Less Real Estate | 183,730 |
| Value of BANK STOCK | 155,610 |
| | 80% |
| Assessed or Tax Value | 124,490 |

2650 Shares; Value of each share     $46.978

"You will note that the difference between us is that we did not list in our statement, the Class A preferred stock $235,000 at all, while according to Mr. Jenks' interpretation, he has listed the $235,000 as assets making up the total capital account and has deducted capital stock Class A preferred stock $470,000, which is figured at the rate of two for one retirable value.

".   .   .   ."

Honorable T. M. Trimble, Page 3

At our request for additional information we have received from you the following supplemental information:

"Referring to your advice that you desire certain information in order that determination may be made as to the proper assessment of the bank stock of the Amarillo National Bank, and particularly to your request that we give you information concerning the following questions -

"1. Who is the owner of the preferred stock and do they have title to it?

Reconstruction Finance Corporation is the owner and holder of title to all outstanding preferred stock.

"2. Does the owner of the preferred stock own a note with a mortgage against the preferred stock?

Reconstruction Finance Corporation owner and holder of the preferred stock, however, no note with mortgage executed or held.

"3. We understand that the Reconstruction Finance Corporation owns or holds the preferred stock, and if so, did the R. F. C. loan the bank $235,000 or $470,000 in cash and other valuable consideration?

Reconstruction Finance Corporation purchased preferred stock in bank and paid in cash the sum of $500,000. Bank has made payment to R. F. C., of $30,000 in cash, this payment leaving the outstanding retirable value of preferred stock (amount due R.F.C.,) the sum of $470,000.

"4. Upon the above assumption, what does the contract with the Reconstruction Finance Corporation provide relative to the date of retirement and/or the amount of Surplus

Honorable T. M. Trimble, Page 4

> and undivided profits that should be set
> aside each year for the retirement of
> these preferred stocks?
>
> The retirement of preferred stock shall
> be set-up each year on a basis of two and
> one-half (2½%) per cent; said amount to
> be set over in a fund for the retirement
> of preferred stock. This 2½% must come
> out of earnings accrued for that year.
>
> ". . . ."

Attached to your request is a newspaper clipping of a published report of the condition of the Amarillo National Bank at the close of business December 31, 1941. We quote from the pertinent part thereof as follows:

"CAPITAL ACCOUNTS

"Capital Stock:
  (a) Class A preferred, total par
      $235,000.00, retirable value
      $470,000.00. (Rate of divi-
      dends on retirable value is 3%)
  (c) Common stock, total par $265,000.00    500,000.00
"Surplus                                       50,000.00
"Undivided profits                            149,335.42
"Reserves (and retirement account for
  preferred stock)                            110,000.00
    "TOTAL CAPITAL ACCOUNTS                    809,335.42

"TOTAL LIABILITIES AND
    CAPITOL ACCOUNTS                    14,160,304.74"

The applicable taxing statutes of this State are Articles 7165 and 7166, Revised Civil Statutes of Texas, 1925.

Section 51d of Title 12 (Banks and Banking), of the U. S. C. A., provides:

> ". . . .
>
> "Notwithstanding any other provision of law
> or any privilege or consent to tax expressly or

impliedly granted thereby, the shares of preferred stock of national banking associations, and the shares of preferred stock, capital notes, and debentures of State banks and trust companies, acquired before or after March 20, 1936 by Reconstruction Finance Corporation, and the dividends or interest derived therefrom by the Reconstruction Finance Corporation, shall not, so long as Reconstruction Finance Corporation shall continue to own the same, be subject to any taxation by the United States, by any Territory, dependency, or possession thereof, or the District of Columbia, or by any State, county, municipality, or local taxing authority, whether imposed, levied, or assessed on, before or after March 20, 1936, and whether for a past, present or future taxing period. . . ."

The principal difficulty in determining your proposition arises because of the manner in which the bank carries the Class A Preferred Stock upon its books. It shows that class of stock to have a par value of $235,000.00 and yet the facts presented show that the Class A Preferred Stock has a retirable value of $470,000.00 which is the principal remaining unpaid amount of the original loan to the bank by the Reconstruction Finance Corporation. In addition to the $235,000.00 par value of the stock the bank appears to have set up a retirement reserve of $110,000.00 and an "undivided profits" fund of $149,335.42 out of which it may elect to pay the additional amount of $125,000.00 to pay the total sum of $470,000.00 representing the value of the stock owned by the Reconstruction Finance Corporation and the amount remaining unpaid of the original obligation of $500,000.00 borrowed by the bank from the Reconstruction Finance Corporation.

The facts show that the Reconstruction Finance Corporation owns the title to the Class A Preferred Stock and that it has possession of same. Under the express provisions of said Section 51d of Title 12, U. S. C. A., supra, all stock purchased and owned by the Reconstruction Finance Corporation, pursuant to said statute, is exempt from "any taxation by . . . any state, county, municipality, or local taxing authority. . ." See also the cases of Ex Parte Bransford, 1940, 60 S. Ct. 947, 310 U. S. 354, 84 L. Ed. 1249; State Tax Com. v. Baltimore National Bank, 1938, 199 A. 119, 117 Md. 403; First National Bank v. State Tax Commission, 1939, 92 Pac. (2) 987, 43 N. M. 307,

297

certiorari denied, 1940, 60 S. Ct. 173, 308 U. S. 515, 84 L. Ed. 439; and Merchants National Bank of Mobile v. U. S., 1941, 37 Fed. Sup. 931, 93 Ct. Cl. 705.

The law is, therefore, clear. The true and full value of the Preferred Stock cannot be taxed by the Amarillo Independent School District.

Shares of bank stock are to be assessed as other personal property at the "true and full value". There is no exclusive method for determining that value. Any method may be employed which in its nature is reasonably calculated to establish such value. It may be shown by the market value of the stock; by payment of dividends for such period of time and at such rate as to reasonably justify value; or by an accounting of the banks net capital assets to arrive at the value back of the shares. In short any method reasonably calculated to reach a correct conclusion as to value is sufficient for the taxing authorities. The laws of this state place the duty of determining the value of such stock within the discretion of the local assessing authorities. The Legislature has vested in boards of equalization, as constituted by statute, the sole discretion in the valuation and the equalization of values of property subject to ad valorem taxation. Their action is clothed with the presumption that it has been rightfully made on the basis of actual value and the courts will decline to disturb such assessments unless shown to be arbitrary and grossly excessive or fraudulent or based upon a fundamentally wrong principle or method. 40 Tex. Jur. 158. Further than this the courts have not gone nor can this department in stating the rule.

Except as to the applicable law, we are unable to advise you concerning the correct formula or method, of the two submitted by you, to be used in making the assessment of the stock of the Amarillo National Bank. You can, however, follow the law which we have given to you in this opinion in making your assessment.

Trusting that this opinion will be of some benefit to you, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Harold McCracken_

Harold McCracken
Assistant

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN

HMcC:mp